OPINION
Appellee Giovanni Barilla was indicted for one count of rape (R.C.2907.02), and one count of gross sexual imposition (R.C. 2907.05). Appellant filed a motion in limine to exclude as hearsay statements made by the child victim to her father and her father's girlfriend. Following a pre-trial hearing, the court ruled that the statements were not excited utterances, and would be inadmissible at trial. A jury trial commenced, resulting in a hung jury.
Appellee was subsequently re-indicted on two counts of rape and one count of gross sexual imposition. Appellee again filed a motion inlimine seeking to exclude as hearsay the statements made by the victim to her father and her father's girlfriend. The parties stipulated that the testimony would be the same as admitted at the hearing in the original trial, and the transcript of the hearing in the first case was made a part of the record in the subsequent case. The trial court again ruled that the statements were inadmissible, for the reasons stated on the record at the January 17, 2001 hearing.
The State of Ohio subsequently appealed, filing the required certification, pursuant to Crim. R. 12 (J), that the appeal was not taken for the purpose of delay, and the granting of the motion has rendered the State's proof so weak that any reasonable possibility of effective prosecution had been destroyed. The State assigns a single error on appeal:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION, UNDER THE TOTALITY OF CIRCUMSTANCES IN THIS CASE, WHEN IT GRANTED THE DEFENDANT'S MOTION IN LIMINE EXCLUDING CERTAIN STATEMENTS MADE BY THE 3 YEAR OLD CHILD-VICTIM TO HER FATHER AND HER FATHER'S GIRLFRIEND WITHIN 3 TO 6 DAYS OF THE RAPE.
The admission or exclusion of relevant evidence lies within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173. The trial judge is to decide those questions of fact which must be decided in order to determine whether evidence is admissible, and if the decision on those questions of fact was a reasonable decision, an appellate court should not disturb it. State v. Wallace (1988),37 Ohio St.3d 87, 90.
The State argued that the statements of the child victim should be admitted pursuant to Evid. R. 803 (2), as an excited utterance. This rule provides that a statement relating to a startling event, made while the declarant was under the stress or excitement caused by the event, is not excluded by the hearsay rule. The rationale for admitting an excited utterance is that the circumstances surrounding the statement does not allow the declarant a meaningful opportunity to reflect before speaking, and thus the chance that the statement is fabricated is greatly reduced.Wallace, 37 Ohio St. 3d at 88.
At the hearing concerning the admissibility of the statements, Mary Hoskins, the girlfriend of the victim's father, testified that she babysat the victim on April 26, four days after she returned from visitation with her mother and appellee. When Mary checked on the child, she found her on top of her stuffed bunny rabbit. Mary then questioned the child, asking her what was wrong. The child responded that her butt hurt. When Mary asked why, she paused, and did not want to tell Mary what had happened. Mary testified that she could tell the child was scared, and the child stated that appellee put his finger up her butt. The child's face was red at the time. The child told Mary that this happened in her mother and appellee's bedroom.
When the child's father returned from work, he went to her room to check on her. He found her sitting hunched up in her closet, and she appeared to be scared. He asked her what was wrong, and she would not respond. He took her to the living room to talk to her. Finally, she said, "They hurt me." When he asked her who had hurt her, she told him that appellee had hurt her. He asked her several times how appellee hurt her, and finally the child responded that he touched her in the butt and "monkey," meaning her vaginal area. He testified that the child was scared, and hung her head like she was in trouble.
After the child disclosed the alleged incident of sexual abuse by appellee, her father and his girlfriend took her to the hospital. While they were in an examining room, appellee walked by. The child jumped off the bed, slammed the door, and said "Daddy, it's him."
The trial court did not abuse its discretion in excluding the statements made by the child to her father and to Mary Hoskins. The statements were made four to six days after the event. The court specifically found on the record that the evidence of excitement from the original incident did not extend to the time of her statement to her father and Mary Hoskins. Tr. 112. The court found that given the description of the events that happened between the time the incident allegedly took place and the child was found in the closet, and given the description of the child's demeanor at the time the statements were made, she was not under the stress of the original excitement. Appellant has not demonstrated that the court abused its discretion in this finding, as the court was in a better position to observe the demeanor of the witnesses.
Appellant also argues that the statements were admissible as a present sense impression pursuant to Evid. R. 803 (1). This Rule provides that a statement is not hearsay when it is a statement describing or explaining an event or condition, made while the declarant was perceiving the event or condition, or immediately thereafter. In the instant case, the time delay was four to six days after the event. Clearly, the child's statements were not made while she was perceiving the event or condition or immediately thereafter, and Evid. R. 803 (1) does not apply.
The assignment of error is overruled.
The judgment of the Richland County Common Pleas Court is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Common Pleas Court is affirmed. Costs to appellant.
 ______________________________ By Gwin, J.
Edwards, P.J., and Boggins, J., concur.